## 10538

### GADSDEN v. SANDS & CO.

#### (105 S. E. 286.)

TRIAL—PLAINTIFF'S COUNSEL CANNOT BE ORDERED TO OPEN ARGUMENT.—
In the trial of an action where defendant did not admit the allegations of the complaint so as to become actor and entitled to open and reply both as to evidence and argument, defendant cannot have judgment against him reversed because the Court refused to require plaintiff's counsel to open the argument when he declined to do so.

Before WHALEY, J., County Court, Richland, August, 1920. Affirmed.

Action by Daniel Gadsden against Sands & Co. Judgment for plaintiff, and defendant appeals.

*Messrs. Thomas & Lumpkin,* for appellant, cite: *Right to open and close in argument is material, and if improperly exercised, is reversible error:* 5 S. C. 267; 35 S. C. 167; 2 Bay. 451; Rule 59 Circuit Courts. *Rule applicable in all*

*cases:* 17 S. C. 484; 43 S. C. 547; 5 S. C. 418. *Governed by same rules as govern opening and closing of evidence:* 38 Cyc. 1300; 2 R. C. L. 409; 70 Pac. 503; 28 Am. St. Rep. 582 (Wis.); Abbott's Trial Brief 107; 25 N. W. 360 (Neb.).

*Messrs. Graydon & Graydon,* for respondent, cite: *Rule 59 gives right to open and reply, but it is not required:* 35 S. C. 167; 66 N. W. 298.

December 20, 1920.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from a ruling made by his Honor, County Judge Whaley, and is a question simply of procedure. Upon the hearing of the case, plaintiff's counsel declined to open his argument, and defendant's counsel requested his Honor to instruct plaintiff's counsel to do so. His Honor declined to do so, and exception was noted and appeal taken, and the error alleged is that this instruction should have been given. The exception is overruled. Defendant did not by answer admit the allegations of the complaint so as to become actor, so as to open and reply both as to evidence and argument.

The authorities relied on by appellant apply to such cases, and not to a case like this, where there is a contention simply as to argument, and not as to both evidence and argument.

The administration of law, justice, and the Courts must be practical and not technical. In no view of the case has appellant shown that they were prejudiced.

Judgment is affirmed.

MESSRS. JUSTICES HYDRICK and FRASER concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE GAGE absent on account of sickness.