10545

STATE v. MASON.

(103 S. E. 286.)

1. CRIMINAL LAW—MAGISTRATE HAS NO JURISDICTION TO GRANT PRE
   LIMINARY HEARING TO DEFENDANT COMMITTED ON WARRANT OF CORO-
   NER.—A magistrate has no jurisdiction to grant a preliminary hear-
   ing to accused who had been committed to jail on a warrant for
   murder issued by the coroner after the inquest.

2. CRIMINAL LAW—DENIAL OF CONTINUANCE FOR ABSENCE OF WITNESS
   IS MATTER OF DISCRETION.—The denial of a continuance of a criminal
   trial asked for on the ground of an absent material witness is within
   the discretion of the trial Judge, and not reviewable where his dis
   cretion was not abused.

3. CRIMINAL LAW—STATE NOT REQUIRED TO CALL HOSTILE EYEWITNESS.
—In a prosecution for homicide, the State is not required by law to
call a hostile witness, though he was an eyewitness to the homicide.

4. CRIMINAL LAW—ELOQUENCE OF PROSECUTING ATTORNEY NOT GROUND
FOR REVERSAL.—The great eloquence of counsel for the State in his
argument is not a ground for reversal of a conviction for homicide.

5. HOMICIDE—WORDS ACCOMPANIED BY HOSTILE ACTS MAY REDUCE KILL-
ING TO MANSLAUGHTER OR ESTABLISH SELF-DEFENSE.—A charge that
mere words do not warrant a homicide, but that words accompanied
by acts may be sufficient to reduce a killing from murder to man-
slaughter, is erroneous because words accompanied by such acts may,
according to circumstances, not only reduce the killing from murder
to manslaughter, but may establish the plea of self-defense.

Before SHIPP, J., Florence, June term, 1920.    Reversed.
George Mason indicted for murder and on conviction,
appeals.

*Messrs. Arrowsmith, Muldrow, Bridges & Hicks,* for
appellant.    No citations.

*Mr. L. W. Gasque, Solicitor,* and *Henry E. Davis* and
*Willcox & Willcox,* for respondent, cite: *Magistrate must
hold preliminary only when he has issued warrant:* Crim.
Code 1912, sec. 33.    *Coroner issued warrant under sec.
1317 Id.; and carried out other requirements:* Sec. 1018;
sec. 1010; 1 Civ. Code 1912, sec. 1288.    *Defendant had
time to prepare defense:* 80 S. C. 332.    *Continuance discre-
tionary:* 93 S. C. 412.    *Where witness is not bound over,
defendant cannot show due diligence:* 66 S. C. 449; 78 S. C.
264; 92 S. C. 120; 98 S. C. 105; 98 S. C. 422.    *State need
not disclose its witnesses:* 61 S. C. 106.    *And does not have
to put up hostile witness even if that deprive defendant of
right to open and reply:* 22 S. C. 298.    *No misstatement of
testimony and defendant cannot complain of vigor and elo-
quence in argument:* 98 S. C. 121; 100 S. C. 265; 110 S. C.
377.    *Charge correctly stated rule as to provocation suf-
ficient to reduce murder to manslaughter:* 95 S. C. 127
*Self-defense has no place in definition of manslaughter:* 21
Cyc. 1076.

December 20, 1920.

The opinion of the Court was delivered by Mr. Justice Fraser.

On the evening of the 17th of March, 1920, the appellant, George Mason, shot and killed Arthur Howe on a street in the city of Florence. The coroner held an inquest, and, on the verdict of the jury, issued a warrant charging the appellant with murder, and committed the defendant to jail. The appellant moved before the resident magistrate of the city of Florence for a preliminary hearing. The magistrate refused the motion on the ground that he had no jurisdiction in the case.

When the case was called for trial, the appellant moved for a continuance on account of the absence of a material witness. This motion was overruled by the presiding Judge.

At the close of the evidence for the State, the defendant asked the Court to require the State to put up a witness who was present at the time of the homicide, but not called by the prosecution. This was refused.

There are exceptions to the charge to the jury.

     1. The defendant had been committed to jail by the coroner, and the magistrate had no jurisdiction in the case, and properly so held.

     2. The continuance was within the discretion of the trial Judge, and his discretion was not abused.

     3. There is no law or rule in this State that requires the State to put up a hostile witness, and the refusal of this motion was proper.

4. The appellant complains of the great eloquence of counsel for the State and his misstatements of the evidence. Eloquence of counsel is not a ground for reversal. The record does not show the misstatement of the evidence, and there is no ground for reversal here.

5. The next cause of complaint is that his Honor, the presiding Judge, charged the jury that, while mere words do not warrant an assault or homicide, yet words accompanied by acts may be sufficient to reduce a killing from murder to manslaughter. This was error. Words accompanied by hostile acts may, according to circumstances, not only reduce a killing from murder to manslaughter, but may establish the plea of self-defense. The exception that raises this question is sustained.

The judgment is reversed, and a new trial is ordered.