21932

The STATE, Respondent, v. Danny BARWICK, Appellant.

(310 S. E. (2d) 428)

*Charles L. Griffin, III*, Sumter, and *Scott Elliott*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Staff Atty. Carlisle Roberts, Jr.,* Columbia, and *Sol. R. Kirk McLeod,* Sumter, *for respondent.*

May 26, 1983.

GREGORY, Justice:

Appellant Danny Barwick was convicted of two counts of forgery, one count of breach of trust, and one count of criminal conspiracy, all arising from an incident involving insurance fraud. The main issue on appeal is whether the trial judge should have dismissed the indictment because of prosecutorial misconduct. We affirm.

Three times during trial appellant objected to questions asked and statements made by the assistant solicitor and moved to have the indictment dismissed. Appellant made clear he did not want a mistrial declared. The trial judge refused to dismiss the indictment.

Dismissal of a criminal charge is a drastic remedy. Both appellant and respondent cite *U. S. v. Banks*, 383 F. Supp. 389 (D.S.D. 1974) where the court dismissed the charges because the governmental misconduct was extremely aggravated. The court in *Banks* stated at 391:

> A motion for judgment of dismissal on the grounds of government misconduct, on the other hand, usually is grounded on the allegation that the defendant cannot receive a fair trial now or *at any time in the reasonable foreseeable future* and, thus, cannot be afforded due process of law. (citations omitted) (emphasis added)

Here, the three instances of alleged prosecutorial misconduct are (1) the assistant solicitor misstated a stipulation thereby materially prejudicing appellant; (2) the assistant solicitor implied appellant and his counsel attempted to suborn perjury; and (3) the assistant solicitor argued to the jury his and the police officers' belief that appellant was guilty.

Nothing in the record indicates, and appellant does not argue, that appellant could not receive a fair trial in the reasonable foreseeable future. Moreover, the alleged prosecutorial misconduct here comes nowhere close to that in *Banks, supra,* where the governmental misconduct was so aggravated that the Court found the interests of justice dictated dismissal. We find no error in the trial judge's refusal to dismiss the indictment.

Appellant next argues the trial judge erred in refusing to instruct the jury to deliberate as to the guilt or innocence of appellant with respect to only those offenses for which he was indicted. Appellant speculates the jury may have convicted him on documentary evidence, a fictitious bill of sale, which the assistant solicitor referred to as a "forgery."

Where a requested charge is fully and fairly covered by the trial judge's general charge, refusal of a requested instruction is not error. See cases collected in 18 West's

South Carolina Digest, *Trial*, Key No. 260(1). The indictment detailed the specific charges for which appellant was indicted. The trial judge instructed the jury appellant should be found guilty or acquitted "of the charges pending, in this indictment." The jurors were given a verdict form where they would write by each count "guilty" or "not guilty." The trial judge instructed the jury to refer to the indictment in reaching their verdict with respect to each charge. We find the trial judge's charge fully and fairly covered respondent's requested instruction.

Accordingly, we affirm appellant's conviction.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.