22270

The STATE, Respondent, v. James Allen SALES, Appellant.

(328 S. E. (2d) 619)

Supreme Court

*Deputy Appellate Defender William Isaac Diggs, of S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Carolyn M. Adams,* Columbia; and *Sol. William B. Traxler, Jr.,* Greenville, *for respondent.*

Heard March 12, 1985.

Decided April 1, 1985.

HARWELL, Judge:

The appellant James Allen Sales was convicted of voluntary manslaughter in the death of his sister's boyfriend and received a sentence of ten years. We reverse.

The appellant's sister, Jeanette, lived with her boyfriend, L. C. McDaniel. Jeanette and L. C. had a fight over L. C. buying liquor with grocery money. L. C. was intoxicated and hit Jeanette in the face with an iron poker. He chased her outside with another heavy object. Several nieces of the appellant ran to his home and begged him to come to his sister's aid. When he arrived at Jeanette's home, he found her on the porch, holding her face where L.C. had struck her. She went back inside the house, and she and L.C. began to struggle over the heavy object. The appellant separated them, and L. C. swung the object at him. The two began to fight. The appellant eventually subdued L. C. by kicking him. L. C. did not survive.

The sole issue on appeal concerns the jury on the law of self-defense. The appellant contends that the judge erred in refusing to charge that a person attacked on his own premises had no duty to retreat. We agree.

The judge properly charged the jury that under the law of self-defense, a person may not only take life in his own defense but also in defense of a relative. *State v. Hays*, 121 S. C. 163, 113 S. E. 362 (1922). He also correctly stated that the right to intervene to protect the relative is subject to the same limitations as the right of self-defense. He then charged the jury the four elements of self-defense found in *State v. Hendrix*, 270 S. C. 653, 244 S. E. (2d) 503 (1978), including the duty to retreat.

A person attacked on his own premises, without fault, has the right to claim immunity from the law of retreat. *State v. Grantham*, 224 S. C. 41, 77 S. E. (2d) 291 (1953). Therefore, the appellant's sister had no duty to retreat. The intervenor assumes the rights and limitations of the person he acts to protect. 40 C.J.S. *Homicide* § 108 (1944). The appellant thus had no duty to retreat, and the jury should have been so charged.

The State contends that the error is harmless because the appellant used excessive force. We disagree. The jury could have found that self-defense did not apply, solely because of the appellant's failure to retreat.

On retrial of this case, the judge shall refer to the self-defense charge approved by this Court in *State v. Davis*, 317 S. E. (2d) 452 (S. C. 1984).

The judgment below is, accordingly,

Reversed.

LITTLEJOHN, C. J., and NESS, GREGORY and CHANDLER, JJ., concur.