22979

The STATE, Respondent v. Albert FULLER, Jr., Appellant.

(377 S. E. (2d) 328)

Supreme Court

*Jack B. Swerling, John H. Blume* and *David I. Bruck,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* Columbia, and *Sol. (Sp. Prosecutor) Robert J. Harte,* Aiken, *for respondent.*

Heard Nov. 14, 1988.

Decided March 6, 1989.

TOAL, Justice:

Appellant Fuller was indicted for two counts of murder. The jury acquitted Fuller of one count, and found him guilty of the lesser offense of voluntary manslaughter on the other count. The Honorable Marion H. Kinon sentenced Fuller to

thirty years imprisonment. Fuller appeals his conviction on three grounds: (1) that the State exercised its peremptory challenges in a discriminatory manner; (2) that the trial court erred in only charging the *Davis* self-defense charge; and, (3) that the trial court improperly gave an *Allen* charge. We, however, will consider the dispositive issue of whether the trial judge erred in limiting the self-defense charge to the language found in *Davis*. Because the trial judge erred in exclusively charging *Davis*, we reverse Fuller's conviction and remand for a new trial.

## BACKGROUND

Fuller, who was a Correctional Officer at Kirkland Correctional Institute, admitted that he shot and killed two men. Fuller claimed, however, that he shot the men while acting in self-defense.

On the night of September 20, 1986, Fuller, a black man, solicited a white prostitute, Susan Phillips, on Two Notch Road, in the parking lot of the Columbia Motor Lodge. Fuller agreed to meet Ms. Phillips back at her trailer. Ms. Phillips lived in a trailer on Blume Court, next to the Ole Place Club and behind the Columbia Motor Lodge. Fuller drove to Blume Court while Ms. Phillips ran down Two Notch Road to Blume Court. Fuller parked his car and waited on Blume Court while Ms. Phillips went in the trailer. Upon arriving at her trailer, Ms. Phillips found that another prostitute already had a "bag" (a man) in the bedroom. Since the trailer was occupied by another prostitute, Fuller left to find a friend's party.

Unsuccessful in finding the party, Fuller returned to Blume Court. Upon returning, Fuller encountered a car driven by a white woman blocking the entrance to Blume Court. Fuller asked her to move. Mr. Dixon, the owner of the private Ole Place Club, and Mr. Phillips, the Ole Place Club's bouncer, approached Fuller's car and asked him what he was "trying to do to that white lady." Fuller denied that he was "doing anything." While grabbing Fuller's door, Mr. Dixon responded, "Nigger, don't lie to me." Mr. Dixon then grabbed Fuller by the throat, and stated, "that is why we have got to take care of niggers like you."

Fuller, threatened by Mr. Dixon, reached down to the floorboard of his car and retrieved his gun. He then fired a warning shot between Dixon and Phillips. Not knowing Blume Court was a dead end street, Fuller drove to the end of Blume Court. As he began to turn around in an attempt to leave, he saw Dixon and Phillips open the trunk of their car. Both Dixon and Phillips then got in their car and tried to block Fuller's car from exiting Blume Court.

Maneuvering past Dixon's car, Fuller turned right on Two Notch Road. After entering Two Notch Road, Fuller's car crashed into a steel rail at the road's curb. Fuller could not move his car off of the steel rail. The testimony was unclear as to whether the Dixon car forced Fuller off the road or whether he lost control of his car. After Fuller crashed his car, Dixon and Phillips drove their car into Fuller's car. Fuller testified that one of the two men yelled, "we're going to take care of you."

Fuller testified that after his car had been rammed, the two men began to exit their car. He cautioned them to stay in their car. Fuller testified that when the door of the car opened, he saw something shiny in Dixon's hand and thought it was a gun. Fuller fired four shots at the men's car and killed both men. A gun was never found in Dixon's car.

## I. SELF-DEFENSE

Fuller contends that the lower court erred in only charging the self-defense charge as set forth by this court in *State v. Davis*, 282 S. C. 45, 317 S. E. (2d) 452 (1984). The trial judge charged self-defense as follows:

"Now ladies and gentlemen the defendant has pled in this case what is known as the plea of self-defense and self-defense is a complete defense, if established you must find the defendant not guilty. There are four elements required by law to establish self-defense in this case. First, the defendant must be without fault in bringing on the difficulty. Second, the defendant must have actually believed he was in imminent danger of losing his life or sustaining serious bodily injury, or he actually was in such imminent danger. Third, if his defense is based upon his belief of imminent danger, a reasonable prudent man of ordinary firmness and cour-

age would have entertained the same belief. If the defendant actually was in imminent danger, the circumstances were such as would warrant a man of ordinary prudence, firmness and courage to strike the fatal blow in order to save himself from serious bodily harm or losing his own life. Fourth, the defendant had no other probable means of avoiding the danger of losing his own life or sustaining serious bodily injury than to act as he did in this particular instance. If however, the defendant was—correction on that, absence of self-defense must be proven by the prosecution beyond a reasonable doubt. If you have a reasonable doubt of the defendant's guilt after considering all of the evidence, including the evidence of self-defense, then you must find him not guilty. On the other hand if you have no reasonable doubt of the defendant's guilt after considering all of the evidence, including the evidence of self-defense, then you must find him guilty."

The language of the above charge was taken directly from the *Davis* case. We hold that it was error for the trial judge to charge *Davis* as an exclusive self-defense charge when Fuller's counsel repeatedly requested additional charges. We intended that the *Davis* charge cure the difficulties the trial bench encountered in charging the burden of proving self-defense. We did not, however, intend for the trial courts to eradicate the body of common law self-defense by accepting *Davis* as an exclusive charge. *See generally, State v. Sales*, 285 S. C. 113, 328 S. E. (2d) 619 (1985). In charging self-defense, we instruct the trial court to consider the facts and circumstances of the case at bar in order to fashion an appropriate charge.

In the present case, the trial court particularly erred in not charging several elements of self-defense.

First, a defendant, in a self-defense case, has the right to act on appearances. This court articulated the rule concerning appearances in *State v. Jackson*, 227 S. C. 271, 87 S. E. (2d) 681, 684-685 (1955) thusly:

"A defendant must show that he believed he was in imminent danger, not that he was actually in such danger, because he had the right to act on appearances,

and under the circumstances as they appeared to him, he believed he was in such danger and a reasonable prudent man of ordinary firmness and courage would have entertained the same belief."
*See also, State v. Rivers,* 186 S. C. 221, 196 S. E. 6, 10 (1938). Fuller was entitled to a charge that the jury could find that Fuller could act on appearances because he testified that he saw Dixon and Phillips open the trunk of their car and also thought he saw a shiny object in Dixon's hand.

Moreover, the trial judge erred in not charging the jury that "words accompanied by hostile acts, may, depending on the circumstances, establish a plea of self-defense" as this court stated in *State v. Harvey,* 220 S. C. 506, 68 S. E. (2d) 409 (1951), and previously in *State v. Mason,* 115 S. C. 214, 105 S. E. 286 (1920). Like the appearances charge, Fuller was entitled to the above set forth charge. Testimony presented at trial revealed that Dixon stated "he was going to take care" of Fuller; that Dixon grabbed Fuller by the throat; and, that Dixon and Phillips called Fuller a "nigger." Testimony also revealed that Dixon and Phillips rammed Fuller's car with their truck. Because of the evidence presented at trial, we find that the trial judge should have charged the jury that words accompanied by hostile acts may establish self-defense.

Finally, the trial judge erred in not charging that an individual had no duty to retreat if by doing so he would increase his danger of being killed or suffering serious bodily injury. Our court approved such a charge in *State v. Jackson,* 227 S. C. 271, 87 S. E. (2d) 681 (1955) and *State v. Hardin,* 114 S. C. 280, 103 S. E. 557 (1920). Testimony elicited at trial revealed that Dixon and Phillips rammed Fuller's car door when he tried to leave his car. Fuller also testified that he did not believe it was safe to leave his car and run from the scene. Because of the facts presented in the instant case, the trial judge erred in not properly instructing that Fuller did not have a duty to retreat.

Because we hold that the trial judge erred in charging the jury only the *Davis* charge without considering the facts and circumstances of the case, we do not need to address Fuller's remaining exceptions.

We emphasize that the giving of additional charges enu-

merated above does not mean that the jury, on retrial, will necessarily find that Fuller acted in self-defense. We simply hold that under the testimony presented, Fuller was entitled to the additional charges above set forth.

For the reasons outlined above, we reverse Fuller's conviction and sentence and remand for a new trial.

Reversed and remanded.

HARWELL, CHANDLER and FINNEY, JJ., concur.

GREGORY, C. J., dissenting in separate opinion.

GREGORY, Chief Justice, dissenting:

Because the trial judge's charge pursuant to *Davis* adequately covered the substance of the requested charges on self-defense, I respectfully dissent.

First, that the defendant has the right to act on appearances is conveyed by the second and third *Davis* elements that the defendant *believed* he was in imminent danger and a reasonable and prudent man would have entertained the same belief. Similarly, the requested charge that words accompanied by hostile acts may establish self-defense is covered by these same *Davis* elements regarding the defendant's belief of imminent danger.

That the defendant has no duty to retreat if it would increase his own danger of harm is conveyed in the fourth *Davis* element that the defendant had no other probable means of avoiding the danger. This fourth element also covers appellant's requested charge that a defendant is justified in shooting until the danger has ceased.

The majority's conclusion that the *Davis* charge was not adequate here places an onerous burden on the trial judge to charge proposed variations on a legal principle merely because the facts may be reviewed as supporting the requested charge. This Court has long held that a jury charge is adequate if it fully and fairly covers the substance of the requested charge. *See, e.g., State v. Barwick*, 280 S. C. 45, 310 S. E. (2d) 428 (1983). I would adhere to this standard and hold appellant's exception without merit.

I would dispose of appellant's remaining exceptions under Supreme Court Rule 23 and affirm his conviction.