23479

Elijah BATTLE, Petitioner v. STATE of South Carolina, Respondent.

(409 S.E. (2d) 400)

Supreme Court

*Assistant Appellate Defender M. Anne Pearce,* of S.C. Office *of Appellate Defense,* Columbia, and *Ronald A. Maxwell,* Aiken, *for petitioner.*

*Attorney Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Staff Atty. Lisa G. Jefferson,* Columbia, *for respondent.*

Submitted June 14, 1991; Decided Sept. 23, 1991.

Rehearing Denied Oct. 22, 1991.

TOAL, Justice:

We granted Elijah Battle's petition for writ of certiorari to review the denial of his application for post-conviction relief (PCR). The sole issue of merit is whether trial counsel was ineffective in failing to request additional, specific instructions on the law of self-defense. We find that counsel was ineffective and reverse.

## FACTS

On September 19, 1986, petitioner visited his neighbor, Alfonzo Lee Taylor (decedent). Decedent had begun drinking earlier that day; he was extremely intoxicated. His blood alcohol level, as determined at the autopsy, was .23%. Petitioner drank with decedent until he was also intoxicated.

The two men went into decedent's kitchen where a dispute took place concerning petitioner's son. Decedent pulled out his gun, waived it around and threw it on the kitchen table with its barrel pointing at petitioner's son. Petitioner picked up the gun, returned it to decedent, and started to leave. Petitioner testified that, as he was walking away from decedent's house, decedent fired the gun. Petitioner told his son to run across the street and turned to take the gun from decedent. Petitioner testified that he was afraid decedent would shoot him. The two men struggled over the gun, which went off, fatally injuring decedent. Petitioner took the gun and fired it into the ground and air until it was empty. He then went across the street, sat on the porch, and waited for the police. When the police came, petitioner was arrested and charged with murder. Petitioner was convicted of voluntary manslaughter and sentenced to 26 years imprisonment. His direct appeal was affirmed pursuant to Supreme Court Rule 23, 88-MO-11 (filed January 19, 1988).

Petitioner then applied for PCR, alleging that his attorney was ineffective in failing to request additional self-defense charges on (1) appearances, (2) words accompanied by hostile acts, and (3) retreat, pursuant to *State v. Fuller*, 297 S.C. 440, 377 S.E. (2d) 328 (1989).

The PCR judge dismissed petitioner's application, stating in his order that: "This Court finds that based on the evidence in this case and the testimony presented that (sic) a self-defense charge would not be appropriate and as such counsel was correct in not requesting such a charge."

## LAW/ANALYSIS

In order to prove ineffective assistance of counsel, the defendant must satisfy a two-part test: first, that counsel's performance was deficient; and second, that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. (2d) 674 (1984); *Butler v. State*, 286 S.C. 441, 334 S.E. (2d) 813 (1985).

At trial, the judge gave a charge consistent with *State v. Davis*, 282 S.C. 45, 317 S.E. (2d) 452 (1984). He charged that:

Self defense is a complete defense. If established, you must find the defendant not guilty. There are four elements required by law to establish self defense in this case.

First, the defendant must be without fault in bringing on the difficulty.

Second, the defendant must have actually believed he was in imminent danger of losing his life or sustaining serious bodily injury or he was actually in such imminent danger.

Third, if his defenses are based upon his belief of imminent danger a reasonable prudent man of ordinary firmness and courage would have entertained the same belief. If the defendant actually was in imminent danger the circumstances were such as would warrant a man of ordinary prudence, firmness and courage to strike the fatal blow in order to save himself from serious bodily harm or losing his own life.

Fourth, the defendant had no other probable means of avoiding the danger of losing his own life or sustaining serious bodily injury than to act as he did in this particular incident.

If you have a reasonable doubt of the defendant's guilt after considering all the evidence including the evidence of self defense then you must find him not guilty. On the other hand, if you have no reasonable doubt of the defen-

dant's guilt after considering all the evidence, including the evidence of self defense, then you must find him guilty.

In response to the jury's request for written instructions on self-defense, the trial judge reread the charge quoted above.

The trial judge also charged the following in connection with malice and manslaughter:

> Words alone, however obnoxious, are not sufficient to constitute a legal provocation for homicide or use of a deadly weapon. Words alone are generally not sufficient to reduce a charge of murder down to one of manslaughter; however, words accompanied by hostile acts may, according to the circumstances, not only reduce a killing from murder to manslaughter but may establish the plea of self defense.

He did not repeat this instruction to the jury.

A trial judge's determination of what law should be charged is made from the evidence presented. *State v. Funchess,* 267 S.C. 427, 229 S.E. (2d) 331 (1976). Although *Fuller* had not been decided when this case was tried, the common law rules concerning self-defense had been adopted by the Court. *See, State v. Jackson,* 227 S.C. 271, 87 S.E. (2d) 681 (1955); *State v. Rivers,* 186 S.C. 221, 196 S.E. 6 (1938); *State v. Harvey,* 220 S.C. 506, 68 S.E. (2d) 409 (1951); *State v. Mason,* 115 S.C. 214, 105 S.E. 286 (1920) (words accompanied by hostile acts); *Jackson, supra; State v. Hardin,* 114 S.C. 280, 103 S.E. 557 (1920) (retreat). In addition, before this case was tried, the Court indicated that it had not intended to eradicate the common law theories of self-defense by its holding in *State v. Davis,* 282 S.C. 45, 317 S.E. (2d) 452 (1984). *See generally, State v. Sales,* 285 S.C. 113, 328 S.E. (2d) 619 (1985). Thus, if the evidence warranted additional charges on self-defense, trial counsel was ineffective in failing to request them.

Petitioner testified that he struggled with decedent over the gun because he thought that decedent shot at him and because he was afraid decedent would kill him or his son. At the PCR hearing, trial counsel testified that a charge on appearances could have been appropriate. Based on this testimony, we find that a charge on appearances would

have been appropriate. Counsel was, therefore, ineffective, and petitioner was prejudiced by inadequate instructions to the jury, which was obviously interested in the law of self-defense.

We also find that counsel was ineffective and that petitioner was prejudiced by counsel's failure to request a charge on retreat. At trial, retreat was twice made an issue. First, trial counsel asked petitioner:

Q. What did you think would happen to you if you tried to run from him?

A. Well, one of the bullets could have hit me in the back of the head.

Then, on cross examination, the State and petitioner engaged in the following exchange:

Q. You had all the room in the world to run this way, didn't you?

A. Not where my car was parked.

Q. You had all the room in the world to run this way. You could have jumped behind the car. That car could have been your protection. Could you have gotten away or not?

A. No.

Q. You couldn't have come out this way and gone over to the other house, your aunt's house?

A. No.

An instruction on failure to retreat would have been especially appropriate in light of the trial judge's instruction that it was a requirement that "the defendant had no other probable means of avoiding the danger . . . than to act as he did in this particular incident."

We do not find counsel was ineffective in failing to request an instruction on words accompanied by hostile acts because the evidence does not support such a charge. In any event, the trial judge, as noted above, did instruct the jury that words accompanied by hostile acts could establish self-defense.

Accordingly, we hold that petitioner received ineffective assistance of counsel and was prejudiced thereby. The PCR judge's order is

Reversed.

HARWELL, CHANDLER and FINNEY, JJ., concur.

GREGORY, C.J., dissenting in separate opinion.

GREGORY, Chief Justice:

I respectfully dissent. Adhering to the view expressed in my dissent in *State v. Fuller*, 297 S.C. 440, 377 S.E. (2d) 328 (1989), I would find the charge given pursuant to *State v. Davis*, 282 S.C. 45, 317 S.E. (2d) 452 (1984), was adequate in this case. Accordingly, I would affirm the denial of PCR.