**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Mark Anthony Hailey, Jr., Appellant.

Appellate Case No. 2020-001276

———————

Appeal From Greenwood County
Donald B. Hocker, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-074
Submitted January 1, 2024 – Filed March 13, 2024

———————

**REVERSED**

———————

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Joshua Abraham Edwards, all of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, all for Respondent.

———————

**PER CURIAM:**  Mark Anthony Hailey, Jr., appeals his convictions for murder and possession of a weapon during the commission of a violent crime, and his aggregate sentence of thirty-five years' imprisonment.  On appeal, Hailey argues the trial court erred by (1) failing to adequately consider the facts and circumstances of the case in fashioning a self-defense instruction to inform the jury that a person is not required to wait until his adversary is on equal terms or has aimed or fired a weapon before he acts, (2) declining to instruct the jury on the lesser-included offense of involuntary manslaughter, and (3) limiting Hailey's questioning of an expert witness on redirect examination.  We reverse because the trial court failed to adequately consider the facts and circumstances of the case in fashioning the self-defense charge.

We hold the trial court abused its discretion by refusing Hailey's request to charge the jury that he did not have to wait for the victim to "get the drop on him" before defending himself where the evidence supported the instruction, and the charge as a whole, did not adequately cover the law based on the evidence presented at trial. *See State v. Pope*, 410 S.C. 214, 221, 763 S.E.2d 814, 818 (Ct. App. 2014) ("An abuse of discretion occurs when the [trial] court's decision is unsupported by the evidence or controlled by an error of law."); *State v. Nichols*, 325 S.C. 111, 118, 481 S.E.2d 118, 122 (1997) (explaining that a defendant "is entitled to a new trial based on the court's refusal to give a complete self-defense charge"); *State v. Davis*, 282 S.C. 45, 46, 317 S.E.2d 452, 453 (1984)  (listing the four elements of self-defense: "First, the defendant must be without fault in bringing on the difficulty.  Second, the defendant must have actually believed he was in imminent danger of losing his life or sustaining serious bodily injury, or he actually was in such imminent danger.  Third, if his defense is based upon his belief of imminent danger, a reasonably prudent man of ordinary firmness and courage would have entertained the same belief.  If the defendant actually was in imminent danger, the circumstances were such as would warrant a man of ordinary prudence, firmness and courage to strike the fatal blow in order to save himself from serious bodily harm or losing his own life.  Fourth, the defendant had no other probable means of avoiding the danger of losing his own life or sustaining serious bodily injury than to act as he did in this particular instance.  If, however, the defendant was on his own premises he had no duty to retreat before acting in self-defense"); *State v. Fuller*, 297 S.C. 440, 443, 377 S.E.2d 328, 330 (1989) ("In charging self-defense, we instruct the trial court to consider the facts and circumstances of the case at bar in order to fashion an appropriate charge."); *id.* at 444, 377 S.E.2d at 331 ("[W]e hold that the trial [court] erred in charging the jury only the *Davis* charge without considering the facts and circumstances of the case. . . .").  Although the trial court instructed the jury on all four elements of self-defense, we hold the instruction that

"[a]n individual [h]as no duty to retreat if by doing so the danger of being killed or suffering serious bodily injury would increase," which more fully explained the fourth element, did not adequately convey the full scope of the law as to the third element here because Hailey testified he shot the victim prior to the victim shooting him after the victim drove him two miles down a dark, wooded road, refused his pleas to turn around, and then parked the car and waved a gun in his face. *See State v. Rash*, 182 S.C. 42, 50, 188 S.E. 435, 438 (1936) (explaining the trial court instructed the jury on the duty to retreat by including the additional explanation that "one may act on appearances . . . [t]he law does not hold him to a *refined assessment* of the danger, provided . . . he acted as the person of ordinary coolness and courage would have acted or should have acted in meeting the appearance of danger" and "if it is apparent, or reasonably apparent his assailant is taking steps to get the drop on him, he must take steps first to prevent such assailant from getting the drop on him"); *see also State v. Hendrix*, 270 S.C. 653, 659-61, 244 S.E.2d 503, 506-07 (1978) (holding self-defense was established as a matter of law and explaining the third element of self-defense includes consideration of the principle that "[o]nce the appellant's right to fire in self-defense arose, he was not required to wait until his adversary was on equal terms or until he fired or aimed his weapon"); *State v. Starnes*, 340 S.C. 312, 319, 531 S.E.2d 907, 911 (2000) (holding "the trial [court] erred by refusing to provide the jury with more specific instructions regarding self-defense" by failing to include the *Hendrix* and *Rash* language in its charge because Starnes testified the victim pointed a gun at him and he believed another to be armed); *compare with State v. Harris*, 382 S.C. 107, 114-15, 674 S.E.2d 532, 536 (Ct. App. 2009) (holding the trial court's instruction on self-defense adequately covered the law because an instruction that the defendant had the "right to act on appearances" was substantially similar to the "gets the drop" language from *Rash*), *and State v. Marin*, 415 S.C. 475, 483, 783 S.E.2d 808, 813 (2016) (holding the trial court's instruction that "a person may use such force as is reasonably necessary even to the point of taking human life where such is reasonable" captured the essence of the *Hendrix* charge).

Because we reverse the trial court as to the first issue, we find it is not necessary to address Hailey's remaining two issues on appeal. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

**REVERSED.**[1]

**MCDONALD and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.