23009

The STATE, Respondent v. Richard Wayne STOKES, Appellant.
(386 S. E. (2d) 241)

Supreme Court

*Asst. Appellate Defender Stephen P. Williams,* of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *William Edgar Salter, III,* Columbia, and *Sol. Dudley Saleeby, Jr.,* Florence, *for respondent.*

Heard March 6, 1989.

Decided May 1, 1989.

TOAL, Justice:

Appellant Richard Wayne Stokes was convicted of armed robbery, conspiracy, possession of a sawed-off shotgun and one count of kidnapping. The dispositive issue in this case is whether the trial judge used the appropriate standard in denying Stokes' motion for a directed verdict where the State's case was based on circumstantial evidence.

This Court recently held in *State v. Edwards*, 298 S. C. 272, 379 S. E. (2d) 888 (1989), that the appropriate standard to be used by a trial judge in ruling on a motion for a directed verdict where the State relies exclusively on circumstantial evidence is that set forth in *State v. Littlejohn*, 228 S. C. 324, 89 S. E. (2d) 924 (1955). Under this test, the judge is required to submit the case to the jury if there is "any substantial evidence which reasonably tends to prove the guilt of the accused, or from which his guilt may be fairly and logically deduced." 89 S. E. (2d) at 926.

Stokes argues that this Court should adopt the federal standard set forth in the case of *Jackson v. Virginia*, 443 U. S. 307, 99 S. Ct. 2781, 61 L. Ed. (2d) 560 (1979). *Jackson* provides that the relevant question as to the sufficiency of evidence is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." This standard does not require excluding every hypothesis other than the guilt of the accused beyond a reasonable doubt. Therefore, we find that the *Littlejohn* standard is consistent with federal law and reiterate that it is the proper standard to be used by a trial judge when ruling on a directed verdict motion when the State is relying exclusively on circumstantial evidence.

Applying the *Littlejohn* standard, we conclude that the circumstantial evidence presented by the State was sufficient to warrant denial of Stokes' motion for directed verdict.

On October 12, 1986, the restaurant of Horne's Motor Lodge in Florence was robbed by two black males. Both men work dark ski masks and black clothing and carried sawed-

off shotguns. During the course of the robbery, they locked four restaurant employees in the vegetable cooler.

The police received information that Stokes and his codefendant, Musa Banshee, were involved in the robbery. The codefendants also matched the general description of the robbers. The police also received information that they shared a mobile home. Although Stokes denied living in the trailer, several witnesses identified Stokes as a resident of the trailer. A search of the trailer, conducted pursuant to a warrant, revealed several bank bags matching the description of the stolen money bags and containing approximately $4,442.00, two sawed-off shotguns, two dark ski masks, shotgun shells and money wrappers.

We conclude that sufficient evidence was introduced from which Stokes' guilt may be fairly and logically deduced and, therefore, the trial judge properly submitted the case to the jury.

For the reasons discussed above, the trial court is

Affirmed.

GREGORY, C. J., HARWELL and CHANDLER, JJ., and JAMES M. MORRIS, Acting Justice, concur.