23302

The STATE, Respondent v. Willie WILLIAMS, III, Appellant.
(400 S.E. (2d) 131)

Supreme Court

---

[1] Fraud is not an issue here.

*James A. Stuckey, Jr.,* of *Stuckey & Kabrovsky,* Charleston, *Chief Atty. David I. Bruck* and *Deputy Chief Atty. Elizabeth C. Fullwood,* both of the *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* Columbia, and *Sol. Charles M. Condon,* Charleston, *for respondent.*

Heard Dec. 4, 1989.

Decided Jan. 7, 1991.

FINNEY, Justice:

Appellant Willie Williams, III, was convicted for the murder of Zenaida Albury and sentenced to life imprisonment. We reverse and remand.

The victim, a native of the Philippine Islands, was employed by the appellant. She was last seen alive on March 2, 1986, leaving with the appellant to pick up her paycheck from appellant's home. Her decomposed body was discovered October 12, 1987, on John's Island.

The first issue on appeal is whether the trial court erred in failing to direct a verdict of acquittal.

In considering a motion for a directed verdict, the judge is concerned with the existence or non-existence of evidence, not its weight. The case should be submitted to the jury if there be any substantial evidence which reasonably tends to prove the guilt of the accused, or from which his guilt may be fairly and logically deduced. *State v. Edwards*, 298 S.C. 272, 379 S.E. (2d) 888 (1989), *cert. denied*, ___ U.S. ___, 110 S. Ct. 246, 107 L. Ed. (2d) 196 (1989); *State v. Littlejohn*, 228 S.C. 324, 89 S.E. (2d) 924, 926 (1955).

We find that the record in this case contains substantial evidence which reasonably tends to prove the guilt of the appellant or from which his guilt may be fairly and logically deduced. Thus, the trial court appropriately submitted the case to the jury.

Second, appellant asserts that the trial court erred in admitting testimony by Deborah Diana Rodriguez regarding out-of-court statements attributed to Zenaida Albury.

Over defense objection on grounds of hearsay, Rodriguez testified that the victim told her over the telephone at 4:00 P.M., March 2, 1986, that she was at the appellant's home.

> The statements of the deceased, and declarations made by him are not competent evidence either for or against the accused unless made in his presence or unless they are admitted in evidence as part of res gestae or dying declarations or proved by the defendant as threats against him.

*State v. Bigham*, 133 S.C. 491, 492, 131 S.E. 603, 605 (1926). It is uncontested that the controverted testimony does not fall

within any of the exclusions which permit admission of hearsay testimony.

The state argues the inference that appellant was present with the victim when she called the witness. Further, the state avers that the testimony was offered to prove the truth of its assertion that the victim was at appellant's residence at 4:00 P.M. on March 2, 1986. Finally, the state contends the appellant was not prejudiced because the evidence was cumulative, which rendered harmless any error in its admission.

While the record reflects corroborating evidence that the victim was at appellant's home, we find no indication that the time was *4:00 P.M.* Hence, the statement placed a new fact into evidence. Moreover, the record fails to show that the statement was a part of the res gestae, a dying declaration, or was made in the appellant's presence. *State v. Bigham, supra.* We hold that admission of this testimony constitutes reversible error.

Next, appellant asserts that the trial court abused its discretion in admitting testimony and evidence concerning hair found in appellant's home.

The state called a forensic hair examiner to testify about hair samples found on a blanket seized from a bedroom closet in the appellant's home. The examiner stated that he found Negroid head and public hair as well as Oriental-type head and pubic hair. On cross-examination, the witness testified that he had no way of knowing when these items got on the blanket. Additionally, the expert stated that the Oriental-type hair could have belonged to any one of several classes of individuals within the Mongoloid race, including Chinese, Japanese, Korean, Thais, Vietnamese or Filipino.

"Evidence is relevant if it tends to establish or to make more or less probable some matter in issue upon which it directly or indirectly bears." *State v. Schmidt,* 288 S.C. 301, 303, 342 S.E. (2d) 401, 403 (1986).

The blanket containing the analyzed hair was seized approximately nineteen months after the victim's disappearance. The state's expert testified that his hair analysis merely narrows identification to categories of persons. We find the evidence inadmissible in that it was obtained at a time too remote from the victim's disappearance and lacks sufficient connection to the victim to constitute relevant proof in this case.

We conclude that appellant was unfairly prejudiced by this evidence. Hence, admission of testimony and evidence concerning the blanket and hair analysis constitutes reversible error.

In view of our disposition of the foregoing issues, it is not necessary that we reach appellant's remaining exception. Accordingly, appellant's conviction and sentence are reversed and remanded.

Reversed and remanded.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.