24472

The STATE, Respondent v. Lawrence Merle BRUNO, Appellant.

(473 S.E. (2d) 450)

Supreme Court

*Assistant Appellate Defender M. Anne Pearce, of South Carolina Office of Appellate Defense,* Columbia, *for Appellant.*

*Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka,* Columbia; and *Solicitor Joseph J. Watson,* Greenville, *for Respondent.*

Heard Mar. 19, 1996.

Decided July 22, 1996.

TOAL, Justice:

Lawrence Bruno appeals his conviction for murder, raising two issues related to self-defense. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

Lawrence Bruno and Jonathon Ross were drinking at a bar one evening in September 1993. The two left the bar in Ross's car. Ross testified that as he was driving away from the bar, he tried to pass the car of James Murphy ("Victim"), who was travelling in the same direction. Victim drove aside Ross's vehicle, began taunting Ross, and pulled in front of him. Ross almost hit the curb in attempting to avoid Victim's car. Ross and Bruno followed Victim's car; they eventually saw it parked at a convenience store. At Bruno's request, Ross pulled over into the convenience store's parking lot. From the passenger's side, Bruno looked over at Victim, who was rummaging through the trunk of his car. Bruno yelled to Victim: "Are you—are you James Murphy?" Victim responded, "Who, the hell, wants to know?" From the car, Bruno shot Victim. After the shots were fired, Ross began to drive off, and Bruno pulled his gun back into the car.

Bruno's testimony was that after entering Ross's vehicle at the bar, he fell asleep and did not awake until the car hit a bump or curb on the side of the road. When he awoke, he asked Ross what had happened. Ross replied that Victim had tried to run them off the road. Just at that moment Bruno saw Victim "getting in his [car] trunk," and he felt that Victim was coming toward him. Bruno testified "something snapped," and he shot Victim.

Police found Victim shot to death. His body was near his car in the convenience store's parking lot. The trunk of the car was open.

Bruno was indicted for the murder of Victim. A jury found

Bruno guilty, and he was sentenced to life imprisonment. Bruno appeals, arguing that the trial court erred in:

1. refusing an additional charge on the fourth element of self-defense, the duty to retreat;

2. excluding evidence of prior violent acts by Victim, of which Bruno had knowledge and which were relevant to self-defense.

## LAW/ANALYSIS

Bruno asserts he was entitled to a jury charge that he had no duty to retreat if retreating would place him in danger.[1] We disagree because we find that Bruno was not, as an initial matter, entitled to a self-defense charge.

To establish self-defense, Bruno must show: (1) he was without fault in bringing on the difficulty; (2) he believed that he was in imminent danger of losing his life or sustaining serious bodily injury; (3) he had no means of avoiding the danger; and (4) that a reasonably prudent person of ordinary firmness and courage would have entertained the same belief about the danger. *State v. Hill*, 315 S.C. 260, 433 S.E. (2d) 848 (1993); *State v. Davis*, 282 S.C. 45, 317 S.E. (2d) 452 (1984).

Bruno was not entitled to a self-defense charge, because he presented no evidence that he believed he was in imminent danger of losing his life or sustaining serious bodily injury. On direct examination, his only testimony was that he felt Victim was coming at him with something. He testified, "It happened so quick, you know. I didn't mean to kill him. I just wanted him to keep away from me." Furthermore, when asked what was his intention in firing the weapon, Bruno responded, "Just let him know to try to stay away from me and not mess with me." On cross-examination, Bruno stated that Victim was "getting in his trunk and he

---

[1] It not entirely clear whether Bruno properly objected to the court's jury charge. *See* Rule 51, SCRCP ("No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds for his objection."); *State v. Longworth*, 313 S.C. 360, 438 S.E. (2d) 219 (1993), *cert. denied*, — U.S. —, 115 S.Ct. 105, 130 L.Ed. (2d) 53 (1994). However, we will give Bruno the benefit of the doubt and assume the issue is properly preserved.

came towards me and something snapped and I shot him."

Since Bruno presented no evidence of that he believed he was in imminent danger of losing his life or sustaining serious bodily injury, he fails the second element of self-defense. *See State v. Goodson*, 312 S.C. 278, 440 S.E. (2d) 370 (1994). Accordingly, the trial court's failure to charge no duty to retreat was not in error as Bruno was not entitled to a self-defense charge.[2] Because of this conclusion, we need not reach the remaining issue.

## CONCLUSION

Based on the foregoing, we affirm Bruno's conviction.

FINNEY, C.J., and MOORE, WALLER and BURNETT, JJ., concur.

---

[2] *State v. Fuller*, 297 S.C. 440, 377 S.E. (2d) 328 (1989) is inapplicable to the present case. In *Fuller*, we held the trial court must consider the facts and circumstances of the case in fashioning an appropriate self-defense charge. In that case, even though the trial court had given the general *State v. Davis* self-defense charge, it erred in not charging that an individual had no duty to retreat if by doing so he would increase his danger of being killed or suffering serious bodily injury. Here, we no not reach the question of whether Bruno was entitled to a *Fuller* charge that he had no duty to retreat. In order to be entitled to the *Fuller* charge, the defendant must be entitled to a self-defense charge, which, as discussed above, Bruno cannot demonstrate.