547 S.E.2d 183

**The STATE, Respondent,**

v.

**Morris A. SULLIVAN, Appellant.**

**No. 25294.**

Supreme Court of South Carolina.

Heard April 5, 2001.

Decided May 21, 2001.

Rehearing Denied June 21, 2001.

170

Deputy Chief Attorney Joseph L. Savitz, III, and Assistant Appellate Defender Eleanor Duffy Cleary, both of the South Carolina Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon; Chief Deputy Attorney General John W. McIntosh; Assistant Deputy Attorney General Donald J. Zelenka; Assistant Attorney General Tracey Colton Green, all of Columbia; and Solicitor Robert M. Ariail, of Greenville, for respondent.

PLEICONES, Justice:

Appellant was convicted of murder, possession of a weapon during the commission of a violent crime, possession of marijuana with intent to distribute, and unlawful possession of a

pistol by a person under the age of twenty-one. He was sentenced to one thirty year term of imprisonment, a consecutive five year term, and two concurrent one year terms, respectively. On appeal, he challenges only the trial court's refusal to charge certain defenses in connection with the unlawful pistol charge. We reverse.

## Facts

The evidence was undisputed that the teenage victim and several of his friends went to appellant's home, and that appellant invited them inside. It soon became apparent, however, that the victim was angry because he believed appellant had been involved in a recent drive-by shooting at the victim's house. There was testimony that the victim removed his jacket and acted as if he intended to fight appellant, who retreated to a back room. The victim followed, and they struggled over a handgun, with appellant gaining control. Appellant then walked backwards into the living room holding the gun, while the victim advanced towards him, daring appellant to shoot him. Appellant fired a warning shot towards the floor, but the victim continued to advance. Appellant then shot him in the leg and chest, killing him.

## Law/Analysis

Where there is evidence in the record to support a defense, it is reversible error to refuse a request to charge the jury that defense. *E.g., State v. Burriss,* 334 S.C. 256, 513 S.E.2d 104 (1999). The State concedes that a minor charged with the unlawful possession of a pistol under S.C.Code Ann. § 16–23–30(c) and (e) (1985)[1] may be entitled to a charge on the defense of self-defense, defense of habitation, and/or the defense of necessity when the facts adduced at trial support such a charge. It argues, however, that the evidence here did not require these charges. We disagree.

A defendant is entitled to a self-defense charge where the evidence shows that:

(1) he was without fault in bringing on the difficulty;

---

1. Section 16–23–30(e) makes it unlawful for a person under age twenty-one to possess a pistol except under certain circumstances not applicable here. § 16–23–30(c).

(2) he actually believed he was in imminent danger of losing his life or sustaining serious bodily injury; and

(3) a reasonably prudent person of ordinary firmness and courage would have entertained the same belief.[2]

*State v. Long,* 325 S.C. 59, 480 S.E.2d 62 (1997).

The evidence here showed that appellant was threatened by the victim after inviting him into his home. There is no evidence that appellant was responsible for the victim's aggressive conduct, and in fact appellant retreated even though he was under no duty to do so. *Id.* Further, the jury could have found a reasonable person in appellant's position would have believed that he was in imminent danger of suffering serious bodily injury at the hands of the victim, and therefore appellant was entitled to arm himself in self-defense. *Cf. State v. Burriss, supra* (a person can be acting lawfully, even if he is in unlawful possession of a weapon, if he was entitled to arm himself in self-defense at the time of the shooting). The trial judge erred in denying appellant's request that the jury be instructed on self-defense.

■ The defense of habitation is analogous to self-defense and should be charged when the defendant presents evidence that he was "defending himself from imminent attack on his own premises." *State v. Lee,* 293 S.C. 536, 362 S.E.2d 24 (1987). As explained above, there was evidence to support this requested charge, and the refusal to give it constitutes reversible error. *State v. Burriss, supra.*

■ The defense of necessity should be charged where the evidence shows:

(1) there is a present and imminent emergency arising without fault on the defendant's part;

(2) the emergency gives rise to well-grounded apprehension of death or serious bodily injury if the criminal act is not done; and

---

**2.** Since appellant was threatened in his own home, he had no duty to retreat. *State v. Long,* 325 S.C. 59, 480 S.E.2d 62 (1997).

(3) there is no other reasonable alternative to avoid the threat of harm except to commit the criminal act.

*State v. Cole,* 304 S.C. 47, 403 S.E.2d 117 (1991).

We find appellant was entitled to a jury charge on this defense as it relates to the pistol charge. As noted above, appellant was threatened in his own home by a guest, there was evidence that appellant was not at fault in bringing about the confrontation, and there was evidence of a struggle over control of the gun. From this, the jury could have found that appellant was justified in taking possession of the pistol. The denial of appellant's request that the jury be charged on the defense of necessity on the pistol charge requires reversal. *State v. Burriss, supra.*

### Conclusion

The evidence entitled appellant to the three defense charges requested in connection with the pistol offense. The failure to honor these requests left the jury no choice other than to convict him of that offense. Whether the refusal to charge these defenses prejudiced the jury's consideration of self-defense and/or defense of habitation with regard to the murder charge is not an issue before us at this juncture.[3] Appellant's conviction for violating § 16–23–30 is

**REVERSED AND REMANDED.**

TOAL, C.J., and MOORE, WALLER and BURNETT, JJ., concur.

---

**3.** We disagree with the State's position that the murder conviction renders harmless the failure to charge self-defense and defense of habitation in connection with the pistol charge. The jury may well have concluded it was reasonable for appellant to arm himself in response to the threat posed by the victim, but unreasonable to shoot him to death. The jury's rejection of these defenses as applied to the homicide charge does not vitiate them in connection with the pistol possession charge. Further, since the jury was not allowed to consider whether appellant was entitled to arm himself, it may have concluded that his action in wresting control of the pistol precluded a finding that he was "without fault" in shooting the victim.