THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED 
 ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Jonathan J. West,       
Appellant.
 
 
 

Appeal From Berkeley County
R. Markley Dennis, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-171
Submitted January 29, 2004  Filed March 16, 2004 

AFFIRMED

 
 
 
Assistant Appellate Defender Aileen P. Clare, Office of Appellate 
 Defense, of Columbia, for Appellant.
Attorney General Henry D. McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Attorney General Deborah R. J. Shupe, all 
 of Columbia; and Solicitor Ralph E. Hoisington, of Charleston, for Respondent.
 
 
 

PER CURIAM:  Jonathan West was convicted 
 of armed robbery, possession of a firearm during the commission of a violent 
 crime, and pointing a firearm. West appeals, arguing the trial court improperly 
 denied his motion for directed verdict.  We affirm.  
FACTS/PROCEDURAL HISTORY
On April 30, 2002, two men robbed the 
 Applebees restaurant in Moncks Corner, South Carolina.  West was immediately 
 identified as a suspect by the victim and two employees, but investigators were 
 unable to locate him.  West turned himself in to police three days later.  He 
 was indicted for armed robbery, possession of a firearm during the commission 
 of a violent crime, and pointing a firearm.  West was tried by a jury on September 
 16, 2002, and was convicted on all charges.   
LAW/ANALYSIS
West appeals, arguing the circuit court erred in 
 denying his motion for directed verdict, because the State failed to present 
 evidence tending to prove his guilt.  Specifically, he argues the States evidence 
 was insufficient, because it did not place him at the actual scene of the crime.  

In ruling on a motion for directed verdict, the 
 trial court is concerned with the existence or nonexistence of evidence, not 
 its weight.  State v. Kelsey, 331 S.C. 50, 502 S.E.2d 63 (1998); State 
 v. Williams, 303 S.C. 274, 400 S.E.2d 131 (1991).  In reviewing the trial 
 courts motion for directed verdict, the evidence must be viewed in the light 
 most favorable to the State, and if there is any direct or any substantial circumstantial 
 evidence reasonably tending to prove the guilt of the accused, we must find 
 that such issues were properly submitted to the jury.  State v. Wiggins, 
 330 S.C. 538, 500 S.E.2d 489 (1998); State v. Long, 325 S.C. 59, 480 
 S.E.2d 62 (1997).  
Contrary to Wests contentions, the record reveals 
 ample evidence to affirm the trial courts denial of his directed verdict motion.  
 The victim of the robbery was a co-worker of Wests, who positively identified 
 Wests voice.  Moreover, another employee was arriving at work as the robbers 
 were exiting, and she identified West as one of the individuals.  This employee 
 observed the suspects run toward a blue vehicle located in an adjacent parking 
 lot.  Furthermore, another employee, who had previously worked with West, observed 
 West in a blue car near the restaurant near the time of  the robbery.  Viewing 
 the light most favorable to the State, there was sufficient evidence to justify 
 the denial of Wests motion for directed verdict.  
AFFIRMED.
GOOLSBY, HOWARD, and KITTREDGE, J.J., concur.