THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Tyrone Rouse, Appellant.
 
 
 

Appeal From Sumter County
 James E. Brogdon, Jr., Circuit Court Judge

Unpublished Opinion No. 2006-UP-341
Submitted September 1, 2006  Filed October 5, 2006   

AFFIRMED

 
 
 
Assistant Appellate Defender Aileen P. Clare, South Carolina Commission, of Columbia, for Appellant,
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Harold M. Coombs, Jr., Office of the Attorney General, of Columbia, Cecil Kelly Jackson, Third Circuit Solicitor's Office, of Sumter, for Respondent.
 
 
 

PER CURIAM:  Tyrone Rouse appeals his convictions for armed robbery, kidnapping, and possessing a firearm during the commission of a violent crime.  Rouse argues the trial court should have directed a verdict of not guilty based on insufficient evidence.
FACTS
On November 5, 2001, four or five masked men entered a Burger King Restaurant in Sumter, South Carolina.  After closing time, the men entered through the restaurants back door as one employee attempted to exit to take out the trash.  Once inside, the men held that employee on the floor, forced another employee inside the walk-in freezer, and held the manager at gunpoint while they stole over $4000. 
After the men left, the manager reported the robbery to the police.  One patrol officer heard the call and drove around the area looking for any suspicious cars.  After a few minutes, he spotted a car with five occupants and began to follow the car.  He noticed that once his patrol car pulled up behind the car, all of the passengers appeared to slump down in their seats so as to not be seen.  The car obeyed all traffic laws and stopped for over thirty seconds at stop signs, despite a lack of traffic.  Eventually, the car pulled into a driveway and as the officer stopped behind it, all of the cars occupants exited the vehicle and fled.  The patrol officer found, among other things, masks, a gun, and a cell phone in the car.  During the ensuing investigation, police officers discovered a bank deposit bag, a Burger King deposit slip, some rolled quarters, and fingerprints on the cars interior and exterior.  
Months later, Marcus Wright, the employee who attempted to take the trash out during the Burger King robbery, was fired for stealing from the register.  That attempted theft apparently raised suspicion that Marcus was involved in the earlier robbery.  Two days later, the police arrested Marcus for his involvement as an accessory in the Burger King robbery.  After his arrest, Marcus gave a statement to police implicating Quinton Weldon, Samuel Dinkins, Aaron Rouse, and Tyrone Rouse in the Burger King robbery.  
At trial, Marcus Wright and Aaron Rouse, Tyrone Rouses brother, testified that Tyrone participated in the robbery.  Also at trial, Officer Brett Baker testified the police lifted Tyrone Rouses fingerprints from the drivers side, side-view mirror of the get-away car.  
DISCUSSION
Tyrone Rouse argues the trial court erred in denying a motion for a directed verdict of not guilty based on insufficient evidence.  We disagree.
When analyzing the denial of a directed verdict motion, this Court must view the evidence in the light most favorable to the State.  State v. McHoney, 344 S.C. 85, 97, 544 S.E.2d 30, 36 (2001).  The trial court, in a directed verdict motion, is concerned with the existence or nonexistence of evidence, not with its weight.  State v. Elmore, 368 S.C. 230, 234, 628 S.E.2d 271, 273 (Ct. App. 2006).  The trial court must be affirmed if the record contains any direct or substantial circumstantial evidence reasonably tending to prove the guilt of the accused or from which guilt may be fairly and logically deduced.  State v. Avery, 333 S.C. 284, 509 S.E.2d 476 (1998); State v. Williams, 303 S.C. 274, 400 S.E.2d 131 (1991).
Under the hand of one is the hand of all theory of accomplice liability, one who joins with another to accomplish an illegal purpose is criminally liable for everything done by his confederate incidental to the execution of the common design and purpose.  State v. Condrey, 349 S.C. 184, 194, 562 S.E.2d 320, 324 (Ct. App. 2002).
A.   Armed Robbery 
Tyrone Rouse was convicted of armed robbery, kidnapping, and possessing a firearm during the commission of a violent crime.  Armed robbery is a robbery while armed with a pistol, dirk, slingshot, metal knuckles, razor or other deadly weapon.  See S.C. Code Ann. § 16-11-330 (2003).  In addition, armed robbery is defined as a violent crime.  See S.C. Code Ann. § 16-1-60 (2006).  Burger Kings manager, Robert Horton, as well as Amy Fullard, the employee who was trapped in the freezer, along with Marcus Wright and Aaron Rouse testified as eye witnesses that at least one gun was used in the robbery.  Police provided evidence at trial which tends to link Tyrone to this crime.  The officers found Tyrones fingerprints on the outside of the get-away car as well as a gun and masks inside the car.  The subsequent investigation revealed a bank deposit slip, rolls of quarters similar to the ones stolen from the Burger King, and a bank deposit bag.  The trial court found a combination of direct evidence and substantial circumstantial evidence linking Tyrone Rouse to the robbery.
B. Kidnapping
Kidnapping is defined as a violent crime pursuant to South Carolina Code Ann. Section 16-1-60 (2006).  A person is guilty of kidnapping if he unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away any other person by any means whatsoever without authority of law.  See S.C. Code Ann. §  16-3-910 (2003).  Kidnapping commences when one is wrongfully deprived of freedom and continues until freedom is restored.  State v. Tucker, 334 S.C. 1, 13, 512 S.E.2d 99, 105 (1999); See State v. Vazsquez, 364 S.C. 293, 613 S.E.2d 359 (2005) (Vazsquez was found guilty of kidnapping after he forced two restaurant employees into the restaurants freezer and closed the door).  At trial, Robert Horton, Amy Fullard, Marcus Wright, and Aaron Rouse testified that Amy was placed in the walk-in freezer with the door closed.  Thus, the trial court found direct evidence linking Tyrone Rouse to the kidnapping.
C. Possessing a Firearm During the Commission of a Violent Crime
Armed robbery and kidnapping are violent crimes pursuant to South Carolina Code Ann. Section 16-1-60 (2006).  Because at least one gun was used to rob Burger King, the elements of possession of a firearm during the commission of a violent crime are satisfied.  See S.C. Code Ann. § 16-23-490 (2003).  Robert Horton, Amy Fullard, Marcus Wright, and Aaron Rouse testified that a gun was used during the Burger King robbery.  In addition, police found a gun, ski masks, and other evidence in the car used by the assailants after the robbery.  Again, the trial court found direct and substantial circumstantial evidence linking Tyrone Rouse to the crime of possessing a firearm during the commission of a violent crime.
CONCLUSION
The State presented direct evidence that Tyrone Rouse and his accomplices committed the crimes charged.  Under the hand of one is the hand of all theory of accomplice liability, it makes no difference whether Tyrone Rouse was the person who actually held a gun or forced Amy Fullard into the freezer, as long as it is proven that one of his accomplices committed the act according to their common purpose. As to the armed robbery and possessing a firearm during the commission of a violent crime charges, the State provided circumstantial evidence in addition to direct evidence implicating Tyrone Rouse in the crimes.  Therefore, the trial court was justified in denying Rouses motion for a directed verdict.  
Accordingly, the trial courts decision is 
AFFIRMED.[1] 
GOOLSBY, BEATTY, and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.