THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Kevin J.
 Mercer, Appellant.
 
 
 

Appeal From Lexington County
 Larry R. Patterson, Circuit Court Judge
Unpublished Opinion No. 2009-UP-093
Submitted February 2, 2009  Filed
 February 23, 2009    
AFFIRMED

 
 
 
 Robert M. Dudek, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 Assistant Attorney General Deborah R.J. Shupe, all of Columbia; Solicitor
 Donald V. Myers, of Lexington, for Respondent.
 
 
 

PER CURIAM: Kevin Mercer appeals his convictions and sentences for
 assault and battery with intent to kill (ABWIK) and carrying a weapon by an
 inmate, arguing the trial court erred in refusing to instruct the jury on the
 defense of others.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: Sheppard v.
 State, 357 S.C. 646, 665, 594 S.E.2d 462, 473 (2004) (holding a trial court
 is required to charge only the current and correct law of South Carolina); State
 v. Starnes, 340 S.C. 312, 323, 531 S.E.2d 907, 913 (2000) ("[I]n
 order for the trial court to give a defense of others charge, there must be
 some evidence adduced at trial that the defendant was indeed lawfully defending
 others."); State v. Aleksey, 343 S.C. 20, 27, 538 S.E.2d 248,
 251 (2000) (explaining jury instructions should be considered as a whole,
 and if as a whole they are free from error, any isolated portions which may be
 misleading do not constitute reversible error); State v. Long, 325 S.C.
 59, 64, 480 S.E.2d 62, 64 (1997) (explaining under the theory of defense of
 others, "one is not guilty of taking the life of an assailant who assaults
 a friend, relative, or bystander if that friend, relative, or bystander would
 likewise have the right to take the life of the assailant in self-defense."); State v. Brown, 362 S.C. 258, 262, 607 S.E.2d 93, 95 (Ct. App.
 2004) (stating the law to be charged to the
 jury is determined by the evidence presented at trial, and if any evidence
 supports a jury charge, the trial court should grant the request).  
AFFIRMED.
HEARN, C.J., PIEPER and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.