THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Dominic Alexander Leggette, Appellant.
 
 
 

Appeal From Georgetown County
Benjamin H. Culbertson, Circuit Court
 Judge

Unpublished Opinion No. 2012-UP-203
Submitted March 1, 2012  Filed March 28,
 2012

AFFIRMED

 
 
 
Appellate Defender LaNelle Cantey DuRant,
 of Columbia, for Appellant.
Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General William M. Blitch, Jr., all of
 Columbia; and Solicitor J. Gregory Hembree, of Conway, for Respondent.
 
 
 

PER CURIAM: Dominic
 Alexander Leggette appeals his convictions of voluntary manslaughter and
 assault and battery of a high and aggravated nature, arguing the trial court
 erred in denying his motion for a directed verdict because the State did not
 disprove self-defense.  We
 affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: State v. Weston, 367 S.C. 279, 292, 625 S.E.2d
 641, 648 (2006) (stating an appellate court views the evidence and all
 reasonable inferences in the light most favorable to the State on review of a
 denial of a directed verdict); id. ("When ruling on a motion for a
 directed verdict, the trial court is concerned with the existence or
 nonexistence of evidence, not its weight."); State v. Dickey, 394 S.C. 491, 499, 716 S.E.2d 97, 101 (2011) ("[W]hen
 a defendant claims self-defense, the State is required to disprove the elements
 of self-defense beyond a reasonable doubt."); id. ("A person is justified in using deadly force in self-defense
 when: (1) The defendant was without
 fault in bringing on the difficulty; (2) The defendant . . . actually believed
 he was in imminent danger of losing his life or sustaining serious bodily
 injury, or he actually was in such imminent danger; (3) If the defense is based
 upon the defendant's actual belief of imminent danger, a reasonabl[y] prudent
 man of ordinary firmness and courage would have entertained the same belief . .
 . ; and (4) The defendant had no other probable means of avoiding the
 danger of losing his own life or sustaining serious bodily injury than to act
 as he did in this particular instance."); State v. Wiggins,
 330 S.C. 538, 546, 500 S.E.2d 489, 493 (1998) (finding, after viewing the
 evidence in the light most favorable to the State, that the State presented
 sufficient evidence to create a jury issue regarding self-defense); State v.
 Long, 325 S.C. 59, 63, 480 S.E.2d 62, 63-64 (1997) (holding a trial court
 properly refused to direct a verdict in defendant's favor based on self-defense
 when the evidence of self-defense was not conclusive but raised questions for
 the jury); State v. Strickland, 389 S.C. 210, 214, 697 S.E.2d 681, 683
 (Ct. App. 2010) ("[U]nless it can be said as a matter of law that self-defense
 was established, it [is] not error for the trial court to submit the case to
 the jury.").
AFFIRMED.
WILLIAMS, THOMAS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.