**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Dalton Ellis Clarke, Appellant.

Appellate Case No. 2016-000801

Appeal From Charleston County
Benjamin H. Culbertson, Circuit Court Judge

Unpublished Opinion No. 2017-UP-463
Submitted November 1, 2017 – Filed December 13, 2017

**AFFIRMED**

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Susan Ranee Saunders, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

**PER CURIAM:**  Dalton Ellis Clarke appeals his conviction on a charge of assault and battery of a high and aggravated nature (ABHAN).  He argues (1) the trial court should have granted his requests to charge the jury on defense of others and

on a defendant's right to act on appearances and (2) he was entitled to a directed verdict because the victim's death rendered it impossible for the State to prove the elements of ABHAN.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to Clarke's requests to charge: *State v. Long*, 325 S.C. 59, 64, 480 S.E.2d 62, 64 (1997) ("The law to be charged is determined from the evidence presented at trial."); *id.* ("Under the theory of defense of others, one is not guilty of taking the life of an assailant who assaults a friend, relative, or bystander if that friend, relative, or bystander would likewise have the right to take the life of the assailant in self-defense."); *id.* at 62, 480 S.E.2d at 63 ("To establish self-defense, the defendant must establish (1) he was without fault in bringing on the difficulty; (2) he actually believed he was in imminent danger of losing his life or sustaining serious bodily injury; (3) a reasonably prudent person of ordinary firmness and courage would have entertained the same belief; and (4) he had no other probable means of avoiding the danger."); *Gilchrist v. State*, 364 S.C. 173, 179, 612 S.E.2d 702, 705 (2005) ("A defendant is entitled to an appearances charge where a claim of self-defense arises from a mistaken appearance of danger.").

2.  As to Clarke's directed verdict motion: *State v. Kelsey*, 331 S.C. 50, 62, 502 S.E.2d 63, 69 (1998) ("In reviewing the denial of a motion for a directed verdict, the evidence must be viewed in the light most favorable to the State, and if there is any direct evidence or any substantial circumstantial evidence reasonably tending the prove the guilt of the accused, an appellate court must find that the case was properly submitted to the jury."); *State v. Needs*, 333 S.C. 134, 145, 508 S.E.2d 857, 862 (1998) ("In the ordinary case, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion."); S.C. Code Ann. § 16-3-600(B)(1) (2015) ("A person commits the offense of assault and battery of a high and aggravated nature if the person unlawfully injures another person, and . . . great bodily injury to another person results; or . . . the act is accomplished by means likely to produce death or great bodily injury."); S.C. Code Ann. § 16-3-600(A)(1) (2015) ("'Great bodily injury' means bodily injury which causes a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of a bodily member or organ.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.