**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

The State, Respondent,

v.

Ronald Brown, Appellant.

Appellate Case No. 2019-001784

———————

Appeal From Williamsburg County
R. Ferrell Cothran, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-234
Submitted March 1, 2022 – Filed June 1, 2022

———————

**AFFIRMED**

———————

Appellate Defender Joanna Katherine Delany, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Attorney General David A. Spencer, both of
Columbia, and Ernest A. Finney, III, of Sumter, for
Respondent.

———————

**PER CURIAM:**  Ronald Brown appeals his convictions for voluntary
manslaughter and possession of a weapon during the commission of a violent
crime and consecutive sentences of eighteen years' imprisonment and five years'

imprisonment, respectively.  On appeal, Brown argues the trial court erred by refusing to charge the jury on defense of others when there was evidence presented at trial to support the charge.  We affirm.

We hold the trial court did not abuse its discretion by denying Brown's request for a jury charge on defense of others because the evidence presented at trial did not show Brown's children were in imminent danger and thus, had the right to take the life of the victim in self-defense.  *See State v. Long*, 325 S.C. 59, 64, 480 S.E.2d 62, 64 (1997) ("The law to be charged is determined from the evidence presented at trial."); *State v. Cottrell*, 421 S.C. 622, 643, 809 S.E.2d 423, 435 (2017) (explaining this court will not reverse the trial court's decision regarding a jury charge unless there is an abuse of discretion); *Douglas v. State*, 332 S.C. 67, 73, 504 S.E.2d 307, 310 (1998) ("Under the theory of defense of others, one is not guilty of taking the life of an assailant who assaults a friend, relative, or bystander if *that friend, relative, or bystander would likewise have the right to take the life of the assailant in self-defense*." (emphasis added)); *State v. Norris,* 253 S.C. 31, 38, 168 S.E.2d 564, 567 (1969) ("The right of the father to defend his daughter is coextensive with the right of the daughter to defend herself."); *State v. Bruno*, 322 S.C. 534, 536, 473 S.E.2d 450, 451 (1996) (explaining that to establish self-defense, a defendant must show "(1) he was without fault in bringing on the difficulty; (2) he believed that he was in imminent danger of losing his life or sustaining serious bodily injury; (3) he had no means of avoiding the danger; and (4) that a reasonably prudent person of ordinary firmness and courage would have entertained the same belief about the danger"); *see, e.g.*, *Long*, 325 S.C. at 64, 480 S.E.2d at 64 (holding the defendant was not entitled to a jury charge on the defense of others when there was no evidence the victim threatened the others in the home).

**AFFIRMED.**[1]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.